**United States District Court**

For the Northern District of California

1

2

3

4  IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6  BOSTON SCIENTIFIC CORP.,
et al.,

7             Plaintiffs,

8       v.

9  JOHNSON & JOHNSON and CORDIS
CORPORATION,

10            Defendants.
                                          /

11

12  AND RELATED COUNTER-CLAIM..
                                          /

No. C 02-00790 SI

**ORDER DENYING DEFENDANTS'
MOTIONS FOR PHASED TRIALS, FOR
ENTRY OF RULE 54(b) JUDGMENT
AND FOR LEAVE TO FILE AN
AMENDED ANSWER**

13

14          Defendants' motions for phased patent infringement trials, for entry of Rule 54(b) final judgment

15  and for leave to amend their answer are set for hearing on December 1, 2006.  Pursuant to Civil Local

16  Rule 7-1(b), the Court determines the matters are appropriate for resolution without oral argument, and

17  VACATES the hearing.  **The case management conference scheduled for 2:30 p.m. on December**

18  **1, 2006 remains on calendar.**

19          For the reasons set forth below, the Court DENIES the motions.  (Docket Nos. 436, 446).

20

21                                  **BACKGROUND**

22          In 2002, plaintiffs Boston Scientific Corp., Boston Scientific Scimed, Inc., Scimed Life Systems,

23  Inc. and Schneider (Europe) GmbH (collectively "BSC") brought suit against defendants Johnson &

24  Johnson and Cordis Corporation for infringement of six patents.  The first four patents were invented

25  at Schneider (Europe) by Gerhard Kastenhofer and are directed to a bilayered catheter tube design for

26  balloon angioplasty catheters (collectively, the "Kastenhofer patents").[1]  The remaining two patents were

27

28          [1]The Kastenhofer patents bear U.S. Patent Nos. 5,843,032 ("the '032 patent"), 5,961,765 ("the
'765 patent"), 6,027,477 ("the '477 patent"), and 6,471,673 ("the '673 patent").

invented at Schneider (USA) by Michael Forman and are directed to laser bonding of balloons to angioplasty catheter tubes (collectively, the "Forman patents").[2] Defendants counterclaimed that plaintiffs are infringing three Cordis-owned U.S. patents invented by Carlos Fontirroche and Jason Querns (collectively, the "Fontirroche patents"), and that the Fontirroche patents and Kastenhofer patents interfered with each other.[3] As with the Kastenhofer patents, the Fontirroche patents are directed to a bilayered catheter tube design for balloon angioplasty catheters.

The Court issued a Claim Construction Order on May 10, 2004. In August 2004, BSC moved for a judgment of non-interference between the Kastenhofer patents and the Fontirroche patents. Cordis responded with its own motion for a declaration of an interference. On February 22, 2005, the Court issued an order finding an interference between the Fontirroche '594 patent and three of the Kastenhofer patents.[4] Specifically at issue was the term "bonded" in claim 7 of the '594 patent. BSC argued that the term should be limited to chemical bonding, while Cordis argued that the term encompassed other types of bonding, such as physical bonding. The Court agreed with Cordis, concluding that the term "bonded" in claim 7 of the '594 patent encompassed more than just chemical bonding, and therefore found that an interference existed.

The Court held a bench trial between December 5 and December 8, 2005 to decide which patent had the earliest priority date in relation to the interference-in-fact. In light of testimony presented at the trial, BSC requested leave to file a motion for reconsideration of the Court's construction of the term "bonding" and "bonded" in the '594 patent. The Court granted leave, and subsequently granted BSC's motion for reconsideration. The Court concluded that the term "bonded" in claim 7 of the '594 patent encompassed only chemical bonding. As a result, the Court reversed its prior finding, and held that there was no interference-in-fact between the '594 patent and the Kastenhofer product patents.

---

[2]The Forman patents bear U.S. Patent Nos. 5,267,959 ("the '959 patent") and 5,501,759 ("the '759 patent").

[3]The Fontirroche patents bear U.S. Patent Nos. 5,538,510 ("the '510 patent"), 5,820,594 ("the '594 patent"), and 5,824,173 ("the '173 patent").

[4]The Court found an interference between claim 7 of the '594 patent and claim 9 of the '032 patent, claim 10 of the '477 patent, and claim 7 of the '674 patent.

United States District Court

For the Northern District of California

The instant motions are procedural in nature.  Defendant Cordis moves for entry of final judgment on Cordis's interfering patent counterclaim pursuant to Federal Rule of Civil Procedure 54(b). Cordis also moves for bifurcation of the patent infringement trial, with trial on the Forman patents held first, and trial on the Fontirroche/Kastenhoffer patents held second.  In a separate motion, defendants Johnson & Johnson and Cordis seek leave to amend their answer to add an inequitable conduct defense relating to the Forman patents.

## 1.     ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)

### A.     Legal Standard

Under Federal Rule of Civil Procedure 54(b),

> [w]hen more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for the delay . . .

Fed. R. Civ. P. 54(b).  A ruling is final, and therefore appealable "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'" as to that party or claim. *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991) (*quoting Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988)).  "The Rule 54(b) claims do not have to be separate from and independent of the remaining claims."  *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987).  Rule 54(b) certification is left to the sound discretion of the district court, and certification is proper if it aids in expeditious resolution of the case while avoiding piecemeal appeals.  *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).

Rule 54(b) was enacted to counter the "liberalization of our practice to allow more issues and parties to be joined in one action." *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950). Accordingly, "the trend is towards greater deference to a district court's decision to certify under Rule 54(b)."  *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (citations omitted).  In making its decision, a district court should adopt "a pragmatic approach focusing on severability and efficient judicial administration."  *See Continental Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 152 (9th Cir. 1987).

**B.     Discussion**

Cordis argues that an immediate appeal of the Court's ruling regarding Cordis's interfering patent cause of action will "aid the expeditious decision" of the still-pending claims. *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982). According to Cordis, if the Federal Circuit were to decide on appeal that "there was an interference-in-fact, and if this Court, on remand, awarded priority to Cordis, the result would be the invalidation of all of the asserted Kastenhofer claims. This would eliminate any need to try BSC's patent infringement claims against Cordis involving the Kastenhofer patents." Mot. at 6:5-8. Furthermore, according to Cordis, the Federal Circuit's consideration will likely involve interpretation of the term "bonded," which bears on both interference and infringement.

In opposition, plaintiff argues that even if the Federal Circuit and this Court were to rule in Cordis's favor, only three of the four Kastenhofer patents would be invalidated, and therefore trial would still be necessary on the remaining Kastenhofer patent, the three Fontirroche patents, and the two Forman patents. Cordis does not dispute this fact in its reply. Plaintiff also argues that Cordis's motion is a veiled attempt to appeal the Court's claim construction rulings, and such interlocutory appeal is highly disfavored by the Federal Circuit. Cordis acknowledges this point, stating "[c]laim construction rulings cannot normally be reviewed before trial," but argues that "adjudication of Cordis's interfering patent cause of action now provides a permissible vehicle for appellate review." Cordis Mot. at 6:16-17.

The Court agrees with plaintiffs that immediate appeal is unwarranted. As Cordis acknowledges, immediate appeal would, at best, reduce the patents to be tried from nine to six. *See* Cordis Reply at 3:27-4:1 ("A nine patent case then turns into a six patent case."). Appeal will thus do little to aid expeditious global resolution of the case. *See Core-Vent Corp.*, 11 F.3d at 1484. Furthermore, immediate appeal would circumvent the Federal Circuit's policy of not reviewing claim constructions until final resolution of a case. *See Shering Corp. v. Amgen, Inc.*, 35 F. Supp. 2d 375, 377 (D. Del. 1999). Like consideration of Rule 54(b) motions, this policy presumably revolves around a concern with efficient judicial administration. *See Continental Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 152 (9th Cir. 1987). As discussed, immediate appeal will not dispose of this case, nor of any major component of this case; all of the major issues will still need to be tried and, in all

United States District Court

For the Northern District of California

1   likelihood, appealed.  Accordingly, the Court DENIES Cordis's motion for entry of final judgment

2   pursuant to Rule 54(b).

3

4   **2.      CORDIS'S MOTION TO BIFURCATE TRIAL**

5          **A.      Legal Standard**

6          Federal Rule of Civil Procedure 42(b) provides that "the court, in furtherance of convenience or

7   to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a

8   separate trial of any claim . . . or of any separate issue."  The decision to bifurcate is committed to the

9   sound discretion of the trial court.  *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985).

10  Courts consider several factors in determining whether bifurcation is appropriate, including separability

11  of the issues, simplification of discovery and conservation of resources, prejudice to the parties, and the

12  suitability of bifurcating trial but not discovery.  *Bates v. United Parcel Svc.*, 204 F.R.D. 440, 448 (N.D.

13  Cal. 2001); *F & G Scrolling Mouse L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387-392 (M.D.N.C. 1999);

14  *Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608 (N.D. Ga. 1989) ("the

15  paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefit

16  and prejudice").  The party requesting bifurcation has the burden to prove that it is warranted in that

17  particular case.  *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992)

18

19          **B.      Discussion**

20          Cordis requests two separate trials:  one regarding the Forman patents, and one regarding the

21  Kastenhofer and Fontirroche patents.  The Forman patents relate to the joinder between the catheter tube

22  and the balloon.  The Kastenhofer and Fontirroche patents deal with joinder of the layers of the catheter

23  tube itself.  Cordis argues that holding one trial on all of the patents will likely result in juror confusion.

24          While juror confusion is a valid concern, Cordis's principal motivation for requesting bifurcation

25  clearly lies elsewhere.  Cordis seeks bifurcation, *and* seeks to proceed with the Forman trial first.  Doing

26  so, Cordis argues, will allow "ample time for an appeal from the Court's interference ruling to be

27  completed, and the Fontirroche/Kastenhofer trial can then proceed with the benefit of guidance from the

28  Federal Circuit."  Cordis Mot. at 6:26-7:1.  As discussed above, appeal of the Court's interference ruling

5

**United States District Court**

For the Northern District of California

1    is not appropriate at this time. Cordis's concern with efficient judicial administration is therefore of no

2    weight.

3          Whether or not it is genuine, Cordis's concern with juror confusion does not convince the Court.

4    All of the patents involve the same basic goal of increasing the ability of a catheter to maneuver through

5    a patient's arteries. Moreover, all of the products that plaintiff accuses of infringing the Forman patents

6    are also accused of infringing the Kastenhofer patents. The substance of the two proposed trials would

7    thus overlap to a far greater degree than Cordis suggests ("that some background testimony may have

8    to be presented twice."). Cordis Reply at 2:9-10. Holding two separate trials would thus be highly

9    inefficient. Moreover, the Court does not necessarily agree that facts involved in one comprehensive

10   trial "simply will be too much for some members of the jury to follow." Cordis Reply at 1:26-27. Jurors

11   are asked to hear complicated cases every day, and with the help of competent attorneys, do a fine job

12   understanding the issues and facts. Judicial economy therefore far outweighs any juror confusion which

13   might result from holding one trial on all of the patents.

14

15   **3.    DEFENDANTS' MOTION FOR LEAVE TO AMEND TO ADD AN INEQUITABLE
16          CONDUCT DEFENSE**

17          **A.    Legal Standard**

18          Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading has been filed,

19   a party may amend the pleadings only by leave of court or by written consent of the adverse party, and

20   that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Leave to amend may be

21   denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated

22   failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

23   by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S.

24   178, 182 (1962). Ultimately, the decision to grant or deny leave to amend rests within the sound

25   discretion of the trial court, and the decision will be reversed only for an abuse of discretion. *See*

26   *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

27

28   ///

6

**United States District Court**

For the Northern District of California

**B.    Discussion**

Defendants Johnson & Johnson and Cordis seek leave to amend their answer to include an inequitable conduct defense.  Defendants seek to allege that the inventor of two of the patents, Michael Forman, intentionally misled the patent Examiner into believing that "PET and the Hytrel polyester have a high absortivity for energy at the selected wavelength of 10.6 microns."  Patent '759 at 7:17-22.  According to defendants, the basis for this defense first emerged during the deposition of Forman, which took place in January 2003.  Defendants claim that they are only now seeking leave to amend because "the Court's decision to declare an interference [in February 2005] shifted most of the parties' attention to the interfering patent dispute," which has now been resolved.  Defs. Mot. at 3:21-23.

The Court agrees with plaintiffs that defendants have unduly delayed in seeking leave to amend.  The Forman deposition, which provided defendants with the factual basis for this new defense, took place almost four years ago.  While the focus of the case may have shifted away from the Forman patents for some of this time, defendants' delay is nonetheless inexcusable.  Accordingly, the Court DENIES defendants' motion for leave to amend.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES Cordis's motion for phased patent infringement trials and for entry of final judgment on Cordis's interfering patent counterclaim (Docket No. 436), and DENIES defendants' separate motion for leave to amend their answer to add an inequitable conduct defense (Docket No. 446).

**IT IS SO ORDERED.**

Dated: November 29, 2006

_____
SUSAN ILLSTON
United States District Judge