IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, et al.,<br><br>          Plaintiff,<br><br>  v.<br><br>JOHNSON & JOHNSON et al.,<br><br>          Defendants.                     / | No. C 02-00790 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

      On March 14, 2007, this Court issued an order denying defendants' motion for partial summary judgment. Defendants now move for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9(b)(3). For the following reasons, the Court DENIES defendants' motion.

      Leave to file a motion for reconsideration may be granted pursuant to Civil Local Rule 7-9(b)(3) where a party shows "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ L. R. 7-9(b)(3).

      Defendants seek reconsideration of this Court's ruling that an invention can be reduced to practice absent experimentation in the United States if a product that embodies the invention was successfully reduced to practice abroad and is imported into this country. *See* March 14, 2007 Order at 11. *Brunswick v. United States*, 34 Fed. Cl. 532 (1995), is the only case cited by defendants in their Motion for Leave to File a Motion for Reconsideration that was before the Court at the time of its summary adjudication decision. *See* Docket No. 486, Reply at 10. Defendants argue that *Brunswick* stands for the proposition that a product embodying a claim that is tested abroad and imported into the United States must also be tested in the United States before it is successfully reduced to practice for priority purposes. Mot. at 2. In making its decision, this Court fully considered *Brunswick* and the issue

to which it relates. Therefore, defendants' motion is DENIED.

Even if the Court were to consider defendants' argument afresh, it would still reach the same conclusion it made in its March order regarding this issue. First, *Brunswick* is fully distinguishable. The priority issue in *Brunswick* related to the invention's date of conception, not its actual reduction to practice. *See Brunswick*, 34 Fed. Cl. at 584-86. Second, to bolster its position, defendants cite just one Federal Circuit case, *Holmwood v. Sugavanam*, 948 F.2d 1236, (Fed. Cir. 1991). It is particularly instructive that a number of district courts have cited *Holmwood* for the exact *opposite* position that defendants here assert. *See Maxwell v. K mart Corp*, 880 F. Supp. 1323, 1334 (D. Minn. 1995) ("[i]t is well established that the introduction of a completed invention into the United States may be relied upon for priority purposes even though the invention was conceived and reduced to practice abroad") (*citing Holmwood*, 948 F.2d at 1238); *see also Sigma-Tau Industrie Farmaceutiche Riunite, S.P.A. v. Lonza, LTD*, 62 F. Supp. 2d 70, 85 (D.D.C. 1999) ("an invention that is conceived and reduced to practice in a foreign country may claim priority of invention if the completed product was introduced in the United States prior to the introduction of the prior art) (*citing Holmwood,* 948 F.2d at 1238). The remainder of defendants' cited cases are ambiguous as to the narrow proposition defendants request the Court to adopt.

For the foregoing reasons, the Court DENIES defendants' motion for leave to file a motion for reconsideration (Docket No. 500).

**IT IS SO ORDERED.**

Dated: April 12, 2007

SUSAN ILLSTON
United States District Judge

2