1  William F. Lee (*admitted in N.D. Cal.*, william.lee@wilmerhale.com)
   Dominic E. Massa (*pro hac vice,* dominic.massa@wilmerhale.com)
2  Mark D. Selwyn (#244180, mark.selwyn@wilmerhale.com)
   WILMER CUTLER PICKERING HALE AND DORR LLP
3  60 State Street
   Boston, Massachusetts 02109
4  Telephone:  (617) 526-6000
   Facsimile:   (617) 526-5000
5
   Michael R. Headley (#220834, headley@fr.com)
6  FISH & RICHARDSON P.C.
   500 Arguello Street, Suite 500
7  Redwood City, California 94063
   Telephone:  (650) 839-5070
8  Facsimile:  (650) 839-5071
   Attorneys for Plaintiffs-Counterclaim Defendants,
9  BOSTON SCIENTIFIC CORPORATION,
   BOSTON SCIENTIFIC SCIMED, INC.,
10 SCIMED LIFE SYSTEMS, INC., and
   SCHNEIDER (EUROPE) GmbH

11

12            **UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| 14  BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC., SCIMED LIFE SYSTEMS, INC., and SCHNEIDER (EUROPE) GmbH, | Case No.: 02 0790 SI |
| 15 | **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |
| 16                 Plaintiffs, | |
| 17           v. | |
| 18  JOHNSON & JOHNSON, and CORDIS CORPORATION, | |
| 19                 Defendants. | |
| 20  CORDIS CORPORATION, | |
| 21           Counterclaim-Plaintiff, | |
| 22           v. | |
| 23  BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC., SCIMED LIFE SYSTEMS, INC., and SCHNEIDER (EUROPE) GmbH, | |
| 24 | |
| 25           Counterclaim-Defendants. | |

26

27  SECOND AMENDED COMPLAINT
    AND DEMAND FOR JURY TRIAL                                          CASE NO.: 02 0790 SI
28

US1DOCS 4986902v4

Plaintiffs Boston Scientific Corporation ("BSC"), Boston Scientific Scimed, Inc. ("BSSI"), Scimed Life Systems, Inc. ("Scimed") and Schneider (Europe) GmbH ("Schneider") for their second amended complaint herein aver as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

**PLAINTIFFS**

4. BSC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at One Boston Scientific Place, Natick, Massachusetts 01760.

5. BSSI (formerly known as Schneider (USA) Inc.) is a corporation organized and existing under the laws of the State of Minnesota, with a principal place of business at One Scimed Place, Maple Grove, Minnesota 55311.  BSSI is a wholly-owned subsidiary of BSC.

6. Scimed is a corporation organized and existing under the laws of the State of Minnesota, with a principal place of business at One Scimed Place, Maple Grove, Minnesota 55311.  Scimed is a wholly-owned subsidiary of BSC.

7. Schneider is a corporation organized and existing under the laws of Switzerland. Schneider is a wholly-owned subsidiary of BSC.

# DEFENDANTS

8. Johnson & Johnson ("J&J") is a corporation organized and existing under the laws of State of New Jersey, with a principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933.  On information and belief, J&J conducts business in the State of California and in this judicial district.

9. Cordis Corporation ("Cordis") is a corporation organized and existing under the laws of the State of Florida, with principal places of business at 40 Technology Drive, Warren, New Jersey 07059, 14201 N.W. 60th Avenue, Miami Lakes, Florida 33014 and 5200 Blue Lagoon Drive, Miami, Florida 33126.  On information and belief, Cordis conducts business in the State of California and in this judicial district.

# THE PATENTS IN SUIT

10. On March 26, 1996, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,501,759 ("the '759 patent"), entitled "Laser Bonding of Angioplasty Balloon Catheters."  BSSI has title to the '759 patent.  A copy of the '759 patent is attached as Exhibit A to this Second Amended Complaint.

11. On December 1, 1998, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,843,032 ("the '032 patent"), entitled "Catheter With Multilayer Tube."  Schneider has title to the '032 patent.  A copy of the '032 patent is attached as Exhibit C to this Second Amended Complaint.

12. On October 5, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,961,765 ("the '765 patent"), entitled "Method of Making a Catheter."  Schneider has title to the '765 patent.  A copy of the '765 patent is attached as Exhibit D to this Second Amended Complaint.

13. On February 22, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,027,477 ("the '477 patent"), entitled "Catheter With Multilayer Tube." Schneider has title to the '477 patent. A copy of the '477 patent is attached as Exhibit E to this Second Amended Complaint.

14. On December 7, 1993, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,267,959 ("the '959 patent"), entitled "Laser Bonding of Balloon Angioplasty Catheters." BSSI has title to the '959 patent. A copy of the '959 patent is attached as Exhibit F to this Second Amended Complaint.

15. On October 29, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,471,673 ("the '673 patent"), entitled "Catheter With Multilayer Tube." Schneider has title to the '673 patent. A copy of the '673 patent is attached as Exhibit G to this Seconded Amended Complaint.

16. BSC is the parent corporation of subsidiaries BSSI, Scimed and Schneider. BSC and its subsidiaries, BSSI, Scimed and Schneider, collectively, have the right to make, use, sell and offer to sell the inventions of the patents in suit and have the right to sue and recover for past, present and future infringement of the patents in suit.

## PATENT INFRINGEMENT BY J&J AND CORDIS

17. Upon information and belief, J&J and Cordis have been and are infringing one or more claims of the '759 patent by inducing the manufacture of balloon angioplasty catheter and stent delivery system products in the United States by a method which embodies, incorporates or otherwise practices inventions claimed within the '759 patent, by contributing to the manufacture of balloon angioplasty catheter and stent delivery system product by a method which embodies, incorporates or otherwise practices inventions claimed within the '759 patent, and by using,

SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL                         - 3 -                         CASE NO.: 02 0790 SI

US1DOCS 4986902v4

selling or offering to sell in the United States balloon angioplasty catheter and stent delivery system products made by a method which embodies, incorporates or otherwise practices inventions claimed within the '759 patent.

18. Upon information and belief, J&J and Cordis have been and are infringing one or more claims of the '032 patent by making, using, selling and offering to sell in the United States balloon angioplasty catheter and stent delivery system products which embody, incorporate or otherwise practice inventions claimed within the '032 patent, by supplying from the United States a substantial portion of the components of balloon angioplasty catheter products combined in part in such a manner as to actively induce the combination of such components outside the United States by an affiliated company in a manner that would infringe the '032 patent if such combination occurred within the United States or supplying or causing to be supplied from the U.S. a component of balloon angioplasty catheter products that is especially made or especially adapted for use in the inventions claimed within the '032 patent, and is not a staple or article or commodity of commerce suitable for substantial non-infringing use, where such component is uncombined, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patents if such combination occurred within the United States.

19. Upon information and belief, J&J and Cordis have been and are infringing one or more claims of the '765 patent by making balloon angioplasty catheter and stent delivery system products in the United States by a method which embodies, incorporates or otherwise practices inventions claimed within the '765 patent, by inducing the manufacture of balloon angioplasty catheter and stent delivery system products in the United States by a method which embodies, incorporates or otherwise practices inventions claimed within the '765 patent, by contributing to

SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL                - 4 -                CASE NO.: 02 0790 SI

US1DOCS 4986902v4

the manufacture of balloon angioplasty catheter and stent delivery system product by a method which embodies, incorporates or otherwise practices inventions claimed within the '765 patent, and by using, selling or offering to sell in the United States balloon angioplasty catheter and stent delivery system products made by a method which embodies, incorporates or otherwise practices inventions claimed within the '765 patent.

20.  Upon information and belief, J&J and Cordis have been and are infringing one or more claims of the '477 patent by making, using, selling and offering to sell in the United States balloon angioplasty and stent delivery system catheter products which embody, incorporate or otherwise practice inventions claimed within the '477 patent, and by supplying from the United States a substantial portion of the components of balloon angioplasty catheter products combined in part in such a manner as to actively induce the combination of such components outside the United States by an affiliated company in a manner that would infringe the '477 patent if such combination occurred within the United States, or supplying or causing to be supplied from the United States a component of balloon angioplasty catheter products that is especially made or especially adapted for use in the inventions claimed within the '477 patent, and is not a staple or article or commodity of commerce suitable for substantial non-infringing use, where such component is uncombined, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patents if such combination occurred within the United States.

21.  Upon information and belief, J&J and Cordis have been and are infringing one or more claims of the '959 patent by using, selling and offering to sell in the United States balloon angioplasty and stent delivery system catheter products which embody, incorporate or otherwise practice inventions claimed within the '959 patent.

22. Upon information and belief, J&J and Cordis have been and are infringing one or more claims of the '673 patent by making, using, selling and offering to sell in the United States balloon angioplasty and stent delivery system catheter products which embody, incorporate or otherwise practice inventions claimed within the '673 patent, by supplying from the United States a substantial portion of the components of balloon angioplasty catheter products combined in part in such a manner as to actively induce the combination of such components outside the United States by an affiliated company in a manner that would infringe the '673 patent if such combination occurred within the United States, or by supplying or causing to be supplied from the United States a component of balloon angioplasty catheter products that is especially made or especially adapted for use in the inventions claimed within the '673 patent, and is not a staple or article or commodity of commerce suitable for substantial non-infringing use, where such component is uncombined, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patents if such combination occurred within the United States.

23. As a direct and proximate result of J&J's and Cordis's infringements of the '759, '032, '765, '477, '959, and '673 patents, BSC, BSSI, Scimed and Schneider have been and continue to be damaged in their collective business and property, including the loss of substantial profits in an amount to be determined at trial.

24. Upon information and belief, J&J's and Cordis's infringements of the '759, '032, '765, '477, '959, and '673 patents have been willful and deliberate, rendering this an exceptional case under 35 U.S.C. §285.

25. BSC, BSSI, Scimed and Schneider have been and continue to be irreparably harmed by J&J's and Cordis's infringements of the '759, '032, '765, '477, '959, and '673 patents. J&J's and Cordis's infringing activities will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs BSC, BSSI, Scimed and Schneider request that judgment be entered against Defendants J&J and Cordis as follows:

A. BSC and its wholly-owned subsidiaries, BSSI, Scimed and Schneider, collectively have the right to recover for any and all infringement of the '759, '014, '307, '032, '765, '477, '959, and '673 patents;

B. The '759, '014, '307, '032, '765, '477, '959, and '673 patents are valid and enforceable;

C. J&J and Cordis have infringed the '759, '032, '765, '477, '959, and '673 patents and such infringement has been willful and deliberate;

D. J&J and Cordis, their officers, agents, servants, employees, all parent, subsidiary and affiliate corporations or other business entities, and all other persons acting in concert, participation or privity with them, and their successors and assigns be preliminarily and permanently enjoined and restrained from further infringing the '759, '032, '765, '477, '959, and '673 patents;

E. An accounting be had for the damages to BSC, BSSI, Scimed and Schneider arising out of J&J's and Cordis's infringing activities together with interest and costs, and that such damages be awarded to BSC, BSSI, Scimed and Schneider;

SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL         - 7 -         CASE NO.: 02 0790 SI

US1DOCS 4986902v4

F.   The damage award to BSC, BSSI, Scimed and Schneider be trebled because of J&J's and Cordis's willful and deliberate infringement;

G.   BSC, BSSI, Scimed and Schneider be awarded their attorney fees and expenses in this action as provided by 35 U.S.C. § 285; and

H.   BSC, BSSI, Scimed and Schneider have such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs BSC, BSSI, Scimed and Schneider respectfully request a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure of any and all issues triable of right by a jury.

Dated: April 24, 2007					Respectfully submitted,


			_____/s/ Dominic E. Massa_____
			William F. Lee (*admitted in N.D. Cal.*)
			Dominic E. Massa (*pro hac vice*)
			Mark D. Selwyn (#244180)
			WILMER CUTLER PICKERING HALE AND DORR LLP
			60 State Street
			Boston, Massachusetts 02109
			Telephone: (617) 526-6000
			Facsimile: (617) 526-5000

			Michael R. Headley (#220834)
			FISH & RICHARDSON P.C.
			500 Arguello Street, Suite 500
			Redwood City, California 94063
			Telephone: (650) 839-5070
			Facsimile: (650) 839-5071

			Attorneys for Plaintiffs-Counterclaim Defendants,
			BOSTON SCIENTIFIC CORPORATION,
			BOSTON SCIENTIFIC SCIMED, INC.,
			SCIMED LIFE SYSTEMS, INC., and
			SCHNEIDER (EUROPE) GmbH