IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, et al., | No. C 02-00790 SI |
| Plaintiffs, | **ORDER RE: DISCOVERY** |
| v. | |
| JOHNSON & JOHNSON, et al., | |
| Defendants. | |

Via letter briefs, defendants Johnson & Johnson and Cordis Corporation ("Cordis") seek an order compelling additional 30(b)(6) deposition testimony from plaintiff Boston Scientific Corporation ("BSC"). The deposition testimony sought breaks into four categories.

**I.  30(b)(6) deposition on BSC's covenant not to sue Guidant/Abbott (Peter Gafner)**

Guidant manufactured many of the accused products sold by Cordis. BSC sued Guidant for patent infringement, and in early 2004, BSC and Guidant settled their lawsuit. On February 23, 2005, this Court issued an order granting in part Cordis' request for discovery related to the settlement agreement between BSC and Guidant. BSC eventually designated Peter Gafner as its person most knowledgeable about the Guidant settlement agreement, and Cordis deposed him on May 21, 2007. Cordis voluntarily ended its questioning of Mr. Gafner after four hours. However, during the deposition, Mr. Gafner revealed to Cordis that the Guidant agreement had been superceded by an agreement between BSC and Abbott Vascular, which spun off from Guidant in 2006. Cordis now therefore seeks an additional two hours of deposition testimony from BSC regarding the Abbott

Vascular agreement.[1]

The Court GRANTS Cordis' request. Discovery regarding the agreement between BSC and Abbott Vascular would appear to be appropriate for the same reasons that discovery related to the Guidant agreement was appropriate, as discussed in the Court's February 23, 2005 Order. Cordis may depose a Rule 30(b)(6) designee of BSC for two hours regarding the agreement between BSC and Abbott Vascular. The deposition shall take place in Minnesota, unless the parties agree otherwise.

## II.     30(b)(6) deposition on BSC's marketing (Eric Simso)

Cordis seeks to depose Eric Simso for an additional two hours. BSC agrees to produce him for an additional one and one-half (1½) hours. The Court ORDERS BSC to produce Eric Simso for one hour and forty five minutes. The deposition shall take place in Minnesota, unless the parties agree otherwise.

## III.    30(b)(6) deposition on BSC's finances (Dan Brennan/Renny Clark)

Cordis deposed Dan Brennan for four hours in Minnesota on March 18, 2005, regarding BSC's finances. A snowstorm cut the deposition short. In May 2007, BSC agreed to produce Renny Clark for five and one half (5½) hours on two topics: (1) the topics on which Dan Brennan was deposed; and (2) the "independent appraisal" of Shneider's patent portfolio. Mr. Brennan was deposed on May 30, 2007, from 12:32 p.m. until 6:20 p.m., on the record for four hours and forty-five minutes. Cordis now seeks an additional two hours of deposition testimony. The Court DENIES Cordis' request. Cordis does not describe to the Court any specific topics that remain insufficiently explored after the more than eight hours of combined deposition between Mr. Brennan and Mr. Clark. Cordis complains that BSC "unilaterally terminate[d] Mr. Clark's deposition prematurely." Cordis knew, however, that BSC was only producing Mr. Clark from 12:30 p.m. to 6:00 p.m. *See* Cordis' Ex. 32. Cordis therefore was not cut-off, by surprise, in mid-deposition, as it suggests.

---

[1] Cordis also seeks the Transaction Agreement between BSC and Abbott Vascular and a related FTC Order. Since Cordis filed its letter brief, BSC has produced those documents.

### IV. Deposition of Paul LaViolette

On June 15, 2007, Cordis deposed Paul LaViolette. Counsel for BSC instructed Mr. LaViolette not to answer any questions regarding the Guidant settlement agreement discussed above. After the deposition, Cordis filed an additional letter brief with the Court, seeking an order compelling Mr. LaViolette to sit for another deposition and answer questions regarding the Guidant agreement. In response, BSC argues that the parties had agreed that Mr. LaViolette's deposition would be limited to the issue of willfulness.

Pursuant to the Federal Rules of Civil Procedure, a lawyer "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion [for protective order]." Fed. R. Civ. P. 30(d)(1). No privilege was at issue during the deposition of Mr. LaViolette, and BSC did not subsequently present a motion for protective order. Furthermore, while the parties may have agreed to limit the scope of Mr. LaViolette's deposition (it is not clear to the Court whether this was so), such limitation was not "directed by the Court." BSC therefore was not justified by the Federal Rules in instructing Mr. LaViolette not to answer. The Court therefore GRANTS Cordis' request to take additional deposition testimony from Mr. LaViolette on the Guidant settlement agreement. Cordis may depose Mr. LaViolette for an additional two hours, solely on the topic of the Guidant agreement. The deposition shall take place in Boston, unless the parties agree otherwise.

[Docket Nos. 526, 527]

**IT IS SO ORDERED.**

Dated: June 27 , 2007

SUSAN ILLSTON
United States District Judge

3