**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BOSTON SCIENTIFIC CORPORATION, et al.,   No. C 02-00790 SI

        Plaintiffs,   **ORDER RE: DISCOVERY**

  v.

JOHNSON & JOHNSON, et al.,

        Defendants.
                                         /

Via two letter briefs, plaintiff Boston Scientific moves to compel production of documents and interrogatory responses. In opposition, defendant Cordis contends that under Civil Local Rule 26-2, Boston Scientific's motions are untimely, and should be denied. The Court agrees with Cordis, and hereby DENIES Boston Scientific's motions.

Local Rule 26-2 provides, in pertinent part: "no motions to compel fact discovery may be filed more than 7 court days after the fact discovery cut-off . . . ." The fact discovery cut-off in this case was June 1, 2007. According to Rule 26-2, therefore, the last day to file motions to compel was June 12, 2007. Boston Scientific filed the instant motions on June 26 and June 27, 2007.

Boston Scientific has made no attempt to show good cause for filing the motions well after the deadline. The first motion seeks documents discussed at the June 5, 2007 deposition of Juan Lorenzo. With respect to this motion, Boston Scientific would have perhaps had good cause to file its motion to compel after the deadline, as the deposition was not taken until after the fact discovery cut-off. However, even counting seven court days from the date of the deposition, Boston Scientific's motion was still significantly untimely.

With respect to the second motion, Boston Scientific provides no explanation for its

untimeliness. Boston Scientific only notes that Cordis will not be prejudiced by the additional discovery, and that "Cordis itself has moved after the seven-day window provided by Local Rule 26-2 for relief relating to the deposition of Mr. Laviolette." June 27 Letter Br. at n.1. Prejudice to Cordis, however, is not the issue; the issue is whether Boston Scientific had good cause for its delay. *Cf. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (requiring good cause to deviate from a trial court's scheduling order). Furthermore, Cordis only moved after the fact discovery cut-off for relief related to the deposition of Mr. Laviolette because the deposition of Mr. Laviolette occurred after the fact discovery cut-off. In fact, Cordis moved to compel additional deposition testimony from Mr. Laviolette the very same day as the deposition. Cordis thus had good cause for its delay, and was diligent in moving to compel once the dispute arose. Here, in contrast, Boston Scientific provides no explanation for its delay in moving to compel. Accordingly, the Court DENIES plaintiff's motions to compel.

[Docket Nos. 534, 537]

**IT IS SO ORDERED.**

Dated: July 6 , 2007

SUSAN ILLSTON
United States District Judge