[SEE SIGNATURE PAGE FOR ATTORNEY NAMES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC., SCIMED LIFE SYSTEMS, INC., and SCHNEIDER (EUROPE) GmbH,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHNSON & JOHNSON and CORDIS CORPORATION,<br><br>Defendants. | No. C 02-790 SI<br><br>**STIPULATED MOTION OF THE PARTIES TO VACATE JUDGMENT (Fed. R. Civ. P. 59(e))** |
| CORDIS CORPORATION,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC., SCIMED LIFE SYSTEMS, INC., and SCHNEIDER (EUROPE) GmbH,<br><br>Counterclaim-Defendants. | |

JOINT MOTION TO VACATE JUDGMENT — No. C 02-790 SI

Plaintiffs and Counterclaim-Defendants Boston Scientific Corporation, Boston Scientific SciMed, Inc., SciMed Life Systems, Inc., and Schneider (Europe) GmbH (collectively "Boston Scientific") and Defendant and Counterclaim-Plaintiff Cordis Corporation and Defendant Johnson & Johnson (collectively "Cordis"), by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The Court entered judgment in this action on November 1, 2007. *See* Judgment, Nov. 1, 2007 [Docket No. 795]. This judgment as entered adjudicates fewer than all of the parties' claims, defenses, rights and liabilities. *See* Fed. R. Civ. P. 54(b).

2. For example, the Court has not adjudicated Cordis's invalidity defense under 35 U.S.C. § 103 pertaining to the issue of obviousness of the Kastenhofer patents, which the Court had previously indicated it would decide based upon the jury's responses to the special interrogatories and post-trial briefing received from the parties. Pretrial Hearing Tr. (Oct. 3, 2007) at 6:7-7:1.

3. Similarly, the Court has not adjudicated Cordis's claim for damages and/or equitable relief for infringement of the Fontirroche patent. The Court specifically indicated that it was going to defer the issue of Cordis's damages until after trial. Trial Tr. 1313:23-1314:8.

4. Furthermore, the Court's entry of judgment on November 1, 2007, should it stand, may trigger certain deadlines for filing renewed motions for JMOL and motions for new trial under Rules 50 and 59. Such deadlines cannot otherwise be extended under Rule 6. The parties believe that judicial and party resources would be conserved if the filing and briefing of such motions is put on the same schedule as post-trial briefing relating to the adjudication of the parties' remaining claims, defenses, rights and liabilities.

5. It is therefore necessary and appropriate that the Court vacate the judgment that was entered on November 1, 2007, so that all of the parties' claims, defenses, rights and liabilities, as well as renewed motions for judgment as a matter of law and motions for new trial, can be fully adjudicated on a consistent schedule. *See Villegas v. Princeton Farms, Inc.*, 893 F.2d 919, 924 (7th Cir. 1990) ("Under Federal Rule of Civil Procedure 59(e), a district court may alter or amend a judgment, allowing the court 'to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.' . . . Vacation of a judgment is one form of altering a

judgment pursuant to Rule 59(e)."); *see also Ortiz v. Gaston County Dyeing Machine Co.*, 277 F.3d 594, 597 n.1 (1st Cir. 2002) (similar holding).

6. The parties have met and conferred on a briefing schedule that will cover all post-trial briefing that the parties believe will be needed, including briefing on obviousness, damages, and any other JMOL motions or motions for a new trial. The parties have agreed as follows:

| | |
|---|---|
| Opening Briefs: | December 14, 2007 |
| Opposition Briefs: | January 11, 2008 |
| Reply Briefs: | January 25, 2008 |
| Hearing: | February 15, 2008 (subject to the Court's convenience) |

Now, therefore, based on the foregoing stipulation and agreement, the parties jointly move the Court pursuant to Fed. R. Civ. P. 59(e) to vacate the judgment entered on November 1, 2007, and to enter the [proposed] Order set forth below, which includes the parties' agreed briefing schedule.

DATED: November 9, 2007

/s/Teague I. Donahey[1]

Teague I. Donahey (SBN 197531)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Attorneys for Defendants
JOHNSON & JOHNSON and
CORDIS CORPORATION

/s/ Gregory P. Teran

Gregory P. Teran (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiffs-Counterclaim
Defendants BOSTON SCIENTIFIC
CORPORATION, BOSTON SCIENTIFIC
SCIMED, INC., SCIMED LIFE SYSTEMS,
INC., and SCHNEIDER (EUROPE) GmbH

---

[1] Pursuant to General Order 45(X), I, Teague I. Donahey, hereby certify that concurrence in the filing of this document has been obtained from Gregory P. Teran.

# [PROPOSED] ORDER

Having received and reviewed the Stipulated Motion of the Parties to Vacate Judgment, and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The judgment entered in this action on November 1, 2007 [Docket No. 795] is hereby VACATED.

2. The parties shall submit their post-trial briefing on all of the parties' remaining claims, defenses, rights and liabilities, including without limitation the issues of the obviousness of the Kastenhofer patents and Cordis's damages and/or equitable relief for infringement of the Fontirroche patents, and any other post-trial JMOL motions or motions for a new trial, in accordance with the following briefing schedule:

    Opening Briefs:    December 14, 2007

    Opposition Briefs:    January 11, 2008

    Reply Briefs:    January 25, 2008

    Hearing:    February 15, 2008 at 9:00 a.m.

DATED: November ___, 2006

_____
UNITED STATES DISTRICT JUDGE

- 4 -
JOINT MOTION TO VACATE JUDGMENT — No. C 02-790 SI