**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON SCIENTIFIC CORP., *et al.*, | No. C 02-00790 SI |
| Plaintiffs, | **ORDER RE: BILL OF COSTS** |
| v. | |
| JOHNSON & JOHNSON and CORDIS CORP., | |
| Defendants. / | |
| CORDIS CORP., | |
| Counterclaim-Plaintiff, | |
| v. | |
| BOSTON SCIENTIFIC CORP., *et al.*, | |
| Counterclaim-Defendants. / | |

Now before the Court are the objections of plaintiffs Boston Scientific Corporation, Boston Scientific Scimed, Inc., Scimed Life Systems, Inc., and Schneider (Europe) GmbH (collectively "BSC") to the bill of costs filed by defendants Johnson & Johnson and Cordis Corporation (collectively "Cordis"). The Court will address each objection in turn.

**1.    Visual Aids**

BSC contends that Cordis is not entitled to the $419,105.50 it seeks in costs for preparing visual aids. The Court agrees with BSC that Cordis has not provided sufficient support for its claim that it is entitled to these costs. Local Civil Rule 54-3(d)(5) provides that "[t]he cost of preparing charts,

1 diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are 2 reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Cordis has 3 provided receipts of amounts it paid to Trial Graphix, but because the invoices are not itemized, there 4 is no record of which visual aids correspond to each invoice. *See* Decl. Of David T. Pritikin in Supp. 5 Of Cordis Bill of Costs, ex. F. [Docket No. 820]  In his supplemental declaration, David Pritikin states 6 that the visual aids for which Cordis seeks costs "*include* those marked at trial as DX-3008 through DX-7 3044." Supp. Decl. of David T. Pritikin in Supp. Of Cordis Bill of Costs ¶ 7 (emphasis added) [Docket 8 No. 900] Cordis provides no information about the other visual aids for which it seeks reimbursement. 9 It also fails to explain which of the invoices corresponds to work performed on trial exhibits DX-3008 10 through DX-3044.  It is not possible for the Court to evaluate how much Cordis spent on trial exhibits, 11 how much it spent on other visual aids, and whether these amounts were reasonable.

12 The Court does not doubt that litigants may legitimately incur high costs producing necessary 13 visual aids in a patent trial such as this, which required counsel to explain complex medical devices to 14 the jury and the Court.  The Court cannot award the requested costs here, however, because Cordis has 15 failed to provide the Court with sufficient information to evaluate the reasonableness of Cordis's 16 expenditures.  Accordingly, the Court GRANTS BSC's objection and reduces Cordis's bill of costs by 17 $419,105.50.

19 **2.      Interference Hearing**

20 BSC objects to Cordis's request for $7,827.28 for exhibits Cordis reproduced for a December 21 2005 hearing on interference.  BSC contends that Cordis is not entitled to these costs because the 22 interference hearing was not related to the trial on liability, and because Cordis lost the interference 23 hearing.  The Court disagrees.  Cordis was the prevailing party in this action.  Federal Rule of Civil 24 Procedure 54(d)(1) provides, in relevant part, "costs – other than attorney's fees – should be allowed 25 to the prevailing party." *See* Fed. R. Civ. Pro. 54(d)(1).  BSC implies that costs should be assessed at 26 each stage of litigation.  This is not the procedure contemplated by Rule 54(d), which provides that the 27 *prevailing party* may recover for all allowable costs.  This objection is overruled.

**3.     Reporters' Transcripts**

BSC objects to $24,826.30 incurred by Cordis for expedited transcripts of court proceedings. BSC notes that several of the invoices presented by Cordis reflect "expedited," "daily" or "hourly" transcripts. The Court finds that these costs are allowable. Most of the expedited transcripts appear to have been ordered during the jury trial and interference hearing, when the lawyers presumably required the transcripts immediately for use in the same proceeding. This objection is overruled.

**IT IS SO ORDERED.**

Dated: September 14, 2009

SUSAN ILLSTON
United States District Judge